**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4362**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FELIPE DE JESUS BERNAL-ADAME,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:09-cr-00310-BO-1)

Submitted: February 10, 2011          Decided: March 15, 2011

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Felipe De Jesus Bernal-Adame appeals from his convictions and seventy-five month sentence entered pursuant to his guilty plea to conspiracy to distribute cocaine and possession of a firearm in furtherance of a drug trafficking crime. On appeal, Bernal-Adame asserts that the Government breached his plea agreement by failing to inform the sentencing court of the full extent of his cooperation with authorities. We affirm.

Because Bernal-Adame did not claim in the district court that the Government had breached the plea agreement, we review for plain error. Puckett v. United States, 129 S. Ct. 1423, 1428 (2009). To prevail on his claim that resentencing is required, Bernal-Adame must show that an error occurred, the error was plain, the error affected his substantial rights, and if not corrected, the error would seriously affect the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 732 (1993).

Here, the Government made no statements at sentencing regarding Bernal-Adame's assistance or lack thereof,[*] although

---

[*] Although the Government asserts that it satisfied its obligations at sentencing by describing Bernal-Adame's debriefing process, the Government is mistaken. In fact, the Government made no statements whatsoever. The statements (Continued)

2

the plea agreement clearly required that the Government inform the court of the full extent of Bernal-Adame's cooperation. As such, there was error, and it was plain. However, Bernal-Adame must also show that the error affected his substantial rights and that the error would seriously affect the fairness of judicial proceedings. This, he has failed to do. Bernal-Adame does not state what cooperation he provided, and there is nothing in the record which suggests that the Government withheld any positive information. As such, he has failed to show any non-speculative basis on which to conclude that the district court would have imposed a lower sentence had the Government outlined Bernal-Adame's cooperation. See United States v. Knight, 606 F.3d 171, 180 (4th Cir. 2010) (explaining requirement for showing that an error affected substantial rights). Therefore, Bernal-Adame cannot show that he was prejudiced or, by extension, that there was plain error.

Accordingly, we affirm Bernal-Adame's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

outlined in the Government's brief referred to Bernal-Adame's co-defendant who was sentenced at the same time.

3